UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,
                         Plaintiff,

                                            SENTENCING MEMORANDUM
-against-                             13-CR-205 (MAD)

RICHARD ELY,
                         Defendant.
_____

## DEFENDANT RICHARD ELY'S SENTENCING MEMORANDUM

**I.**      **Introduction**

      Richard Shawn Ely, age 27, was born in Brooklyn, New York to the non-marital union of Richard Lee and Lorraine Baker. Mr. Ely never knew his father and was raised primarily by his mother, Lorraine Baker and by his grandmother, Elizabeth Ely. Mr. Ely was removed from his mother's home for a few years because of physical, verbal and emotional abuse, but was ultimately returned there when the mother regained custody.

      Richard Ely completed the ninth grade in high school, but consistently had problems because of his learning disabilities. Throughout most of his adult life, these learning disabilities have affected him and he has struggled to adjust to the limitations. Recently, however, Mr. Ely was making an attempt to turn his life around and was engaging in classes at Hudson Valley Community College to get his GED.

      Although Mr. Ely had a rough upbringing and lived the majority of his life on the streets, his life had taken a positive turn when he met his current fiancé, Jannie Philpot. Since becoming romantically involved with Ms. Philpot, Mr. Ely made the effort to obtain his GED, made the effort to address his addiction through outpatient programs at the Equinox in Albany, New York, and has otherwise abided by the mandates of his probation. Mr. Ely and Ms. Philpot have an infant son together.

The Presentence Report (PSR) sets forth the details of Mr. Ely's background, family and employment.

## II.     Plea Agreement

On October 17, 2013, defendant pled guilty to a one-count Indictment charging the following crime:

Count 1 – Defendant, having been convicted in court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm (a loaded Ruger .22 caliber revolver) and said possession did affect commerce, in violation of section 18 U.S. C. §§ 922(g)(1) and 924(a)(2).

Mr. Ely does not dispute the facts describing his conduct in this case.  He admits that there was a loaded Ruger .22 caliber revolver in the stairwell leading to the basement and that he knowingly possessed the same.

## IV.    Sentencing Recommendation

### A.     Guidelines Calculation

The Presentence Report Guidelines calculation results in a recommendation that defendant be at a Level 21, Criminal History Category 6, with a potential sentencing range of 77 to 96 months incarceration.

### B.     Recommended Restitution

Restitution is not applicable in this case.

### C.     Downward Departure Motions by Government

The Government has moved for a two-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and an additional one-level downward

adjustment pursuant to U.S.S.G. § 3E1.1.(b) to credit Mr. Ely for having assisted the prosecution by timely notifying them of his intention to enter a plea of guilty.

### D. Government has not met its burden of proving that § 2K2.1 applies

The Government argues that a four-level enhancement is appropriate in this case pursuant to U.S.S.G. § 2K2.1(b)(6)(B) because Mr. Ely allegedly used the firearm in connection with another felony offense on March 25, 2012. It is respectfully submitted that the Government has not met its burden of proving that this enhancement applies to Mr. Ely.

In the first instance, it is submitted to the Court that the charges alleging that Mr. Ely used a firearm on March 25, 2012 were dismissed in the Albany County Court on April 11, 2013. The prosecution was unable to establish that the gun recovered on June 7, 2012 was in fact the gun that was allegedly possessed by Mr. Ely on March 25, 2012. Thus, the prosecution was unable to establish operability and could not establish that Mr. Ely recklessly endangered anyone or that he was in possession of a firearm.

Similarly, the Government is not able to establish that the gun allegedly used on March 25, 2012 was in fact the same firearm that was recovered on June 7, 2012. Mr. Ely never indicates that it is the same gun. As in the State case, there was no proof whatsoever that the gun observed on the video was in fact an operable gun. There were no shell casings recovered, there were no bullet holes, there were no injuries to anyone, etc. Mr. Ely's alleged "confession" was no more than bluffing. More importantly, however, is the fact that both the State Court and this Court found that Mr. Ely's *Miranda* warnings were violated and his statement to law enforcement should not be considered.

Thus, the four-level enhancement recommended by the Government should not be imposed.

**E. Fine**

As noted in the PSR, Mr. Ely does not have the resources to pay a fine. Any fine would have an adverse impact on his dependents, more than it would serve to punish him.

**F. Conclusion**

If the Court does not grant the four-level enhancement, Mr. Ely is facing a sentencing range of 51-63 months. This range is "sufficient, but not greater than necessary" to fulfill all the statutory requirements of sentencing.

Although Mr. Ely has a criminal history, for the months preceding his current incarceration, he was turning his life around. For once in his life, he had surrounded himself with a family that was not abusive to him and who loved him for who he was. Mr. Ely was going back to school to get his GED and he was motivated to do something with his life. In addition, Mr. Ely was engaging in treatment so that he could shake the addictions that had hampered him for so long.

Mr. Ely has four young children with the youngest being just a few months old. Mr. Ely has had the opportunity to reflect upon his life and to come to grips with the fact that he needs to make changes. A lengthy period of incarceration is not going to positively change Mr. Ely.

Thus, for the foregoing reasons, it is respectfully requested that the Court impose the minimum guideline sentence.

Dated: January 31, 2014

        Respectfully submitted,

        s/_____Danielle Neroni
        Danielle Neroni
        Bar Roll No.: 513736
        Attorney for Defendant Ely
        P.O. Box 8446

Albany, New York 12208
(518) 366-6933